LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

FILED
CLERK
2014 NOV 26 PM 3:23
U.S. DISTRICT COURT

BRODIE, J.

POLLAK, M.J

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

EUGENIO ROJAS VELEZ,
*on behalf of himself, FLSA Collective Plaintiffs, and the Class*

                Plaintiff,

v.

111 ATLAS RESTAURANT CORP.,
BILL ATHANASOPOULOS,
JOHN ATHANASOPOULOS,
VASILIOS ATHANASOPOULOS and
STRAVOS MOUTOPOULOS,

                Defendants.

---

CV 14-6956

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, EUGENIO ROJAS VELEZ (hereinafter, "Plaintiff"), on behalf of himself, FLSA Collective Plaintiffs and the Class, by and through his undersigned attorney, hereby files this Complaint against Defendants, 111 ATLAS RESTAURANT CORP. (the "Corporate Defendant"), BILL ATHANASOPOULOS, JOHN ATHANASOPOULOS, VASILIOS ATHANASOPOULOS and STRAVOS MOUTOPOULOS (each individually, "Individual Defendant" or, collectively with Corporate Defendant, "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid wages due to time-shaving, (4) liquidated damages and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and Class members are entitled to recover from Defendants (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid wages due to time-shaving, (4) unpaid spread-of-hours premium, (5) liquidated damages and statutory penalties and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, EUGENIO ROJAS VELEZ, is a resident of Queens County, New York.

6. Corporate Defendant 111 ATLAS RESTAURANT CORP. is a domestic business corporation organized under the laws of New York, doing business as "Atlantic Diner" restaurant with a principal place of business located at 111-16 Atlantic Avenue, Richmond Hill, New York 11419, and a Chief Executive Office located at 209-34 35th Avenue, Bayside, New York 11361. Corporate Defendant 111 ATLAS RESTAURANT CORP. is the corporate entity that owns and operates the Atlantic Diner restaurant.

7. Individual Defendant BILL ATHANASOPOULOS is the Chief Executive Officer of the Corporate Defendant, 111 ATLAS RESTAURANT CORP.

8. Individual Defendants, JOHN ATHANASOPOULOS, VASILIOS ATHANASOPOULOS and STRAVOS MOUTOPOULOS are principals of Corporate Defendant, 111 ATLAS RESTAURANT CORP.

9. At all relevant times, each of Individual Defendants, BILL ATHANASOPOULOS, JOHN ATHANASOPOULOS, VASILIOS ATHANASOPOULOS and STRAVOS MOUTOPOULOS, has control over the daily operation of the Atlantic Diner restaurant.

   a. At all relevant times, Individual Defendants are or were Managing Partners who directly handle and oversee everyday operations at the Atlantic Diner restaurant.

   b. At all relevant times, Individual Defendants were involved with operating the Atlantic Diner restaurant business as Managing Partners. All Individual Defendants are managing partners who direct the back-of-the-house/kitchen employees and the front-of-the-house/wait staff to ensure that food is cooked correctly and that service is proper. Further, all Individual Defendants cooperate and stagger their oversight throughout the week to ensure constant oversight by at least one Individual Defendant at any time, with each Individual Defendant taking on an appropriate role in furtherance of the business.

   c. Each of Individual Defendants exercised control over the terms and conditions of employment of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand them at will.

   d. Each of Individual Defendants had the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise

affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. Plaintiff was hired and his employment was terminated directly by Individual Defendant JOHN ATHANASOPOULOS.

e. Each of Individual Defendants also had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members.

10. At all relevant times, each Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons (including waiters, bussers, runners, bartenders, baristas, delivery persons, cooks, line cooks, dishwashers, food preparers, hosts and cashiers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) overtime premiums at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, and (ii) proper wages due to time-shaving. The claims

of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. In addition, Plaintiff and a subgroup of FLSA Collective Plaintiffs who were tipped employees (including waiters, runners, bussers, bartenders, baristas, and delivery persons) claim that Defendants willfully violated their rights by failing to pay the minimum wages in the lawful amount for hours worked by claiming invalid tip credits. However, Defendants were not entitled to take any tip credit under the FLSA because they failed to meet statutory requirements for taking a valid tip credit under the FLSA.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including waiters, bussers, runners, bartenders, baristas, delivery persons, cooks, line cooks, dishwashers, food preparers, hosts and cashiers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown and the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than 40 members of the Class.

19. Plaintiff's claims are typical of the claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, (ii) failing to pay proper wages due to time-shaving, (iii) failing to pay spread-of-hours premiums, (iv) failing to provide wage statements to Class members as required under the New York Labor Law, and (v) failing to provide proper wage notices to Class members, at date of hiring and annually and upon change in compensation, as required under the New York Labor Law. In addition, a subclass of Class members who were tipped employees (including waiters, runners, bussers, bartenders, baristas, and delivery persons) (herein, the "Tipped Subclass") suffered from Defendants' failure to pay minimum wages due to invalid tip credits. Defendants' corporate-wide policies and practices similarly affected all Class members, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and the other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for fair and efficient adjudication of controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. Adjudications of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay the Class members;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

   d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

   e) Whether Defendants properly provided notices to all tipped employees that the tipped employees were subject to Defendants' taking of tip credits;

   f) Whether Defendants provided proper wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period and their proper overtime rate of compensation and (ii) all non-exempt employees of

information required to be provided on wage statements under the New York Labor Law;

g) Whether Defendants implemented a proper tip pooling arrangement;

h) Whether Defendants required tipped employees engaged in non-tip related activities for at least 2 hours or 20 percent of their total working hours per day;

i) Whether Defendants provided proper wage notices to all non-exempt employees at the beginning of their employment and annually thereafter as required under the New York Labor Law;

j) Whether Defendants paid Plaintiff and other tipped employees the federal and state minimum wages for all hours worked;

k) Whether Defendants failed to properly compensate Plaintiff and the Class members for all their hours worked due to a policy of time-shaving and failing to track the hours worked by Plaintiff and the Class members;

l) Whether Defendants properly compensated Plaintiff and the Class members for overtime under the state and federal law; and

m) Whether Defendants paid Plaintiff and the Class members the New York State spread-of-hours premiums for their workdays that exceeded ten (10) hours.

## STATEMENT OF FACTS

24. Sometime in the year of 2005, Plaintiff, EUGENIO ROJAS VELEZ, was hired by Defendants and/or their predecessors, as applicable, to work as a busboy for Defendants' Atlantic Diner restaurant located at 111-16 Atlantic Avenue, Richmond Hill, New York 11419. Plaintiff worked for Defendants until on or about August 28, 2014.

Case 1:14-cv-06956-MKB-CLP   Document 1   Filed 11/26/14   Page 10 of 17 PageID #: 10

25. During all relevant periods, Atlantic Diner restaurant is open 24 hours a day and 7 days a week.

26. During the employment with Defendants, although hired as busboy, Plaintiff was required to clean the entire restaurant during his shift. Specifically, Plaintiff had to sweep and wipe the floor, and remove gum on floor and under tables. When cleaning the restaurant, he was not allowed to use a mop, and required to scrub the floor on his knees with a microfiber towel. Plaintiff needs at least 2 hours to finish these cleaning works daily. Through his own observations and conversations with co-workers, Plaintiff noticed that other tipped employees were also required to do similarly non-tipped activities.

27. During the employment of Plaintiff by Defendants, he worked about 60 hours per week. Specifically, Plaintiff had a schedule of four day shifts from 9 a.m. to 6 p.m. and one night shift from 6 p.m. to 9 a.m., with a total of 51 hours per week. For each day shift, Plaintiff had to work an additional 2 hours per day without pay. His actual weekly hours worked was 59 hours per week. Through his own observations and conversations with co-workers, Plaintiff noticed that other FLSA Collective Plaintiffs and Class members were similarly forced to work off the clock.

28. At all times, Plaintiff was paid a fixed salary of $215 per week no matter how many hours he actually worked. Plaintiff received his payment once a week all in cash. Through his own observations and conversations with co-workers, Plaintiff noticed that other FLSA Collective Plaintiffs and Class members were similarly compensated.

29. During all relevant periods, Defendants failed to pay Plaintiff, FSLA Collective Plaintiffs and Class members overtime compensation for hours they worked more than 40 hours

a week. There is no agreement between Defendants and Plaintiff, FSLA Collective Plaintiffs and Class members that the fixed salary Defendants paid covers their overtime compensation.

30. During all relevant periods, Defendants failed to pay Plaintiff and other tipped employees minimum wage due to an invalid tip credit. Defendants were not entitled to claim any tip credit because they (i) failed to provide a proper tip credit notice to all tipped employees to notify them that a tip credit against is taking against their minimum wage, (ii) failed to provide a proper wage statement to all tipped employees showing the amount of tip credit taken for a pay period, and (iii) required tipped employees to engage more than two hours or 20 percent of their shift in non-tip related works, such as cleaning restaurant.

31. During all relevant periods, Defendants failed to compensate Plaintiff, FLSA Collective Plaintiffs and Class members for every hour they worked, because Defendants had a time shaving policy of only paying employees according to their schedule not the actual hours they worked.

32. During all relevant periods, Defendants failed to pay spread of hours premium to Plaintiff, FLSA Collective Plaintiffs and Class members for their work days exceeded 10 hours.

33. During all relevant periods, Defendants filed to provide Plaintiff, FLSA Collective Plaintiffs and Class members any wage and hour notices and wage statements.

34. Plaintiff retained Lee Litigation Group, PLLC, to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. Plaintiff realleges and reavers Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

37. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

38. At all relevant times, each of the Corporate Defendants had gross annual revenues in excess of $500,000.

39. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

40. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs who were tipped employees for their hours worked. Defendants, however, were not entitled to take any tip credits under the FLSA because they failed to satisfy statutory requirements for taking a valid tip credit under the FLSA.

41. At all relevant times, Defendants has a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs proper wages due to their time-shaving practices.

42. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

44. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to pay Plaintiff and other tipped employees the minimum wages for hours worked when Defendants knew or should have known such was due.

45. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

46. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

47. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, unpaid minimum wages, and unpaid wages due to time-shaving, plus an equal amount as liquidated damages.

48. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

49. Plaintiff realleges and reavers Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

51. Defendants willfully violated Plaintiff and Class members' rights by failing to pay Plaintiff and Class members overtime compensation at rates not less than one and one-half times the regular rates of pay for each hour worked in excess of forty (40) hours in a workweek.

52. Defendants willfully violated Plaintiff and Class members' rights by failing to pay Plaintiff and tipped employees minimum wages in the lawful amount for hours worked due to an invalid tip credit.

53. Defendants willfully violated Plaintiff and Class members' rights by failing to pay Plaintiff and Class members wages in the lawful amount for hours worked due to Defendants' policy of time-shaving.

54. Defendants willfully violated Plaintiff and Class members' rights by failing to pay spread-of-hours premiums to Plaintiff and Class members for each workday that exceeded ten (10) hours.

55. Defendants knowingly and willfully operated their business with a policy of not providing wage statements to Plaintiff and Class members, in violation of the New York Labor Law.

56. Defendants knowingly and willfully operated their business with a policy of not providing wage notices to Plaintiff and Class members at the beginning of employment and

annually thereafter, as well as upon change in compensation, in violation of the New York Labor Law. With respect to Plaintiff and Tipped Subclass members, Defendants failed to satisfy the requirements under the NYLL because Defendants failed to properly provide tip credit notice and tip pooling agreement. Moreover, with respect to all non-exempt employees, Defendants failed to provide wage statements that satisfied statutory requirements under the NYLL because Defendants (i) failed to provide wage notices at hiring and instead backdated wage notices to dates of hiring and (ii) failed to provide wage notices containing required information, including rates of pay and basis thereof (i.e. hours worked), as Defendants failed to track actual hours worked and indiscriminately deducted one hour as meal break per workday.

57. Defendants willfully violated Plaintiff and Class members' rights by paying them on a fixed salary basis, in violation of the New York Labor Law because Plaintiff and Class members are non-exempt employees who must be paid on an hourly basis.

58. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid spread-of-hours premiums, unpaid wages due to time-shaving, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to the New York Labor Law § 663(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

    a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. As award of unpaid wages for off-the-clock hours due under the FLSA and the New York Labor Law;

f. An award of unpaid spread-of-hours premiums due under the New York Labor Law;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and spread-of-hours premiums pursuant to the New York Labor Law;

i. An award of statutory penalties, and prejudgment and post-judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l. Designation of this action as a class action pursuant to F.R.C.P. 23;

m.  Designation of Plaintiff as Representative of Class; and

n.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 26, 2014

                Respectfully submitted,

                LEE LITIGATION GROUP, PLLC
                C.K. Lee (CL 4086)
                Anne Seelig (AS 3976)
                30 East 39th Street, Second Floor
                New York, NY 10016
                Tel.: 212-465-1188
                Fax: 212-465-1181
                *Attorneys for Plaintiff, FLSA Collective*
                *Plaintiffs, and the Class*

By: _____
      C.K. Lee, Esq. (CL 4086)